**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re**:** | ) | Chapter 7 |
| | ) | |
| Bastien Dias da Costa, | ) | Case No. 22 B 09460 |
| | ) | |
| Debtor. | ) | Honorable Deborah L. Thorne |
| | ) | |
| Celette, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| Bastien Dias da Costa, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT**

Now comes Celette, Inc. ("Celette"), a South Carolina corporation, by and through its counsel, and for its Complaint to Determine the Dischargeability of Debt pursuant to, without limitation, 11 U.S.C. §523(a)(2), 523(a)(4) and 523(a)(6) of the United States Bankruptcy Code [11 U.S.C. §§101, *et seq.*](the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 4007, states as follows:

**PARTIES**

1. Celette is a manufacturer and distributor of OEM approved automobile collision repair equipment. Celette's corporate headquarters and principal place of business are located at 122 Valley Ridge Blvd., Unit G, in Lewisville, Texas 75057. Celette is an affiliate of CELETTE France SAS ("CELETTE France"). CELETTE France is based in Lyon, France. Celette sells and distributes product of CELETTE France in the United States and Canada.

2. Bastien Dias da Costa (the "Defendant") is an individual who filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on August 20, 2022. The Defendant resides at 1233 North Bosworth Ave., Apt. 2, in Chicago, Illinois, 60642.

1

**JURISDICTION AND VENUE**

3. This complaint is an adversary proceeding within the meaning of Fed.R.Bankr.P. 4007 and 7001 in that it seeks a finding that the Defendant's obligation to Celette is not dischargeable under the Bankruptcy Code.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding under 28 U.S.C. §157(b)(2)(1).

5. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. §1409(a)

6. In the event this matter is determined to be non-core, Celette consents to the entry of final orders by this Court.

**FACTUAL BACKGROUND**

7. Defendant held the position of Operations Manager for Celette from 2011 until Celette terminated him for cause in August 2018. From 2006 to 2011, Defendant held the position of Director of Operations Development for Celette.

8. At least since his promotion to Operations Manager in 2011, Defendant was Celette's highest ranking employee. He was the liaison between operations in the United States and the home office in France.

9. At all relevant times, Defendant exercised control over all functions of Celette's operations. Defendant controlled Celette's accounting, financial reporting, budgeting, inventory management, procurement, sales and marketing, among other functions. Defendant managed all of Celette's employees.

10. Defendant incurred what he claimed were business expenses using his personal credit card and then caused Celette to reimburse him with company checks.

11. In 2018, Celette discovered that Defendant had submitted expense reports that included a substantial number of charges for personal items that should not have been submitted as business expenses. On further investigation, Celette determined that Defendant submitted false expenses beginning in 2013 and continued to do so until he was caught in 2018. The total amount of Defendant's inappropriate charges is no less than $407,451.21. These included charges for massages, picture frames for his home, pet grooming, children's expenses, and non-business-related meals and entertainment, among other charges.

12. Celette also determined that Defendant had caused Celette to pay him undeserved and unapproved bonuses three times a year in 2015, 2016, and 2017. The total amount of undeserved and unapproved bonuses that Defendant caused Celette to pay him is no less than $265,376.79.

13. In addition, Defendant also, without informing Celette, formed an Illinois corporation in May 2016 called "Mergault, Inc." Defendant used Mergault, Inc. to conduct business under the assumed name of "Everlasting Tools."

14. Defendant operated Everlasting Tools during Celette business hours and using Celette resources, including Celette's warehouse space, employees, employee time, computers, office equipment and supplies.

15. Everlasting Tools sold items that Celette either was selling or could have sold had Defendant presented the opportunity to his employer, Celette.

16. Defendant concealed Everlasting Tools from Celette. Defendant kept Everlasting Tools' books and records separate from Celette's book and records.

17. In establishing and operating Everlasting Tools, Defendant appears to have worked extensively with Bryan Robaina and Roberto Robaina, including companies with which they are affiliated such as Robaina Direct, LLC ("Robaina Direct"), Robaina Industries and/or Eurocar Bench

Systems. Bryan Robaina is President of Robaina Group, LLC ("Robaina Group") and sole manager of Robaina Direct.

18. Bryan Robaina and his father, Roberto Robaina, are long time distributors for Celette through a company called Robaina Industries, Inc. d/b/a "Eurocar-Bench Systems."

19. On information and belief, Defendant caused Celette to purchase items which were placed in Everlasting Tools' inventory and then sold with the proceeds going to Everlasting Tools instead of to Celette.

20. Defendant concealed the Everlasting Tools business, operations and unauthorized purchases from Celette.

21. Defendant never disclosed or tendered to Celette the business opportunities or revenue that Defendant pursued with Everlasting Tools.

22. Had Defendant disclosed this to Celette, Celette would have likely engaged in some of the opportunities and it would not have consented to Defendant pursuing others because they were inconsistent with his duties and responsibilities as an agent and key managerial employee of Celette.

23. All of the Everlasting Tools business was a business opportunity improperly developed by Defendant and Everlasting Tools through the use of Celette's corporate assets and resources.

24. On information and belief, Defendant also caused expenses that he incurred in connection with the Everlasting Tools venture to be submitted to and paid by Celette instead of Everlasting Tools. On information and belief, these charges were approximately $100,000.00.

25. On information and belief, Defendant also caused Celette to sell Celette merchandise to Robaina at a discount and then caused Celette to purchase it back, with Defendant or Robaina "earning" the difference.

26. On information and belief, Defendant prepared false inventory and accounting records related to the foregoing conduct in order to conceal it.

27. Celette terminated Defendant for cause on August 6, 2018.

### COUNT I – SECTION 523(A)(2)(A)

28. Celette realleges and incorporates by reference the allegations of paragraphs 1 through 28 as if fully set forth herein.

29. Defendant made false statements of material fact, including without limitation the following:

   a) that the items charged as expenses and submitted to Celette were for legitimate business-related expenses;

   b) that he was entitled to bonuses;

   c) that Celette's books and records were accurate.

30. Defendant omitted material facts by failing to disclose:

   a) that he formed Mergault, Inc., d/b/a "Everlasting Tools", a business that competed with his own employer;

   b) that Everlasting Tools was engaged in business opportunities that were competitive with Celette;

   c) that Everlasting Tools was a venture with principals and/or affiliates of Celette distributor, Robaina;

   d) that Everlasting Tools was engaged in business opportunities which Defendant had not disclosed to Celette and which Celette was not given the opportunity to pursue;

e) that Defendant was using Celette employees, warehouse space, and other resources to conduct the business of Everlasting Tools;

f) that Defendant had caused Celette to pay him bonuses; and

g) that Defendant had caused Celette to reimburse personal, non-business related expenses.

31. Defendant knew that the aforementioned statements were false and that the aforementioned omissions would have the effect of misleading Celette.

32. Defendant made the aforementioned statements and omissions with the intention to deceive Celette and knowing that Celette would rely upon them.

33. Celette in fact relied on the aforementioned statements and omissions in that it unwittingly reimbursed the fraudulent expenses, paid the undeserved bonuses, and allowed the Everlasting Tools venture to operate.

34. Celette was damaged by Defendant's fraudulent representations and omissions in the amount of the improper expense reimbursements, improper bonuses, and lost opportunities to the Everlasting Tools venture.

35. Celette's damages incurred as a result of Defendant's misrepresentations and omissions are no less than $673,000.00.

WHEREFORE, Celette, Inc. hereby respectfully requests that this Court enter an Order finding that Bastien Dias da Costa's obligations to it are non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A) and that this Court grant Celette, Inc. such other and further relief as this Court deems just and appropriate.

### COUNT II – SECTION 523(A)(4)

36. Celette hereby incorporates paragraphs 1 through 35 above, as and for paragraph 36 of

this Count II as if fully set forth herein.

37. At all relevant times, Defendant was an employee of Celette.

38. At all relevant times, Defendant was a key manager of Celette and thus a fiduciary.

39. Celette entrusted Defendant with control of Celette's books, records and bill paying, among other responsibilities.

40. As an employee and key manager of Celette, Defendant was its agent, and owed Celette a fiduciary duty to treat Celette with the utmost candor, care, loyalty and good faith, and to not act adversely to Celette's interests.

41. The duty of loyalty imposed on Defendant an affirmative obligation to disclose information and business opportunities to Celette and to refrain from enriching himself at Celette's expense.

42. Celette reposed trust and confidence in Defendant.

43. Defendant breached his fiduciary duty to Celette through any and all of the following conduct:

    a) submitting false expense reports to Celette;

    b) causing Celette to pay for his personal, non-business related expenses;

    c) causing Celette to pay him bonuses to which he was not entitled;

    d) establishing and failing to disclose Mergault Inc. d/b/a Everlasting Tools;

    e) using Celette employees, facilities and resources to operate the Everlasting Tools business without compensating Celette or disclosing it to Celette;

    f) failing to tender the business opportunities pursued by Everlasting Tools to Celette;

    g) Causing Celette to sell and purchase merchandise from Robaina and

                Everlasting Tool which had the effect of enriching Defendant and his company at the expense of Celette; and

       h)      Other acts as pleaded herein.

44.      Defendant's breaches of his fiduciary duty damaged Celette in an amount to be proven, but which is believed to exceed $673,000.00.

45.      Defendant breached his fiduciary duty starting no later than 2013, and continued to breach his fiduciary duty until he was terminated for cause in August of 2018.  During this period, Celette paid Defendant no less than $305,320.58 in regular compensation (i.e., salary that does not include his improper bonuses described above), which it would not have done had Celette known about Defendant's fraud, defalcation and outright larceny.

WHEREFORE, Celette, Inc. hereby respectfully requests that this Court enter an Order finding that Bastien Dias da Costa's obligations to it are non-dischargeable pursuant to 11 U.S.C. §523(a)(4) and that this Court grant Celette, Inc. such other and further relief as this Court deems just and appropriate.

### COUNT III – SECTION 523(A)(6)

46.      Celette hereby incorporates paragraphs 1 through 45 above, as and for paragraph 46 of this Count III as if fully set forth herein.

47.      Celette determined that it has been damaged in an amount no less than $407,451.21 as a result of Defendant's submission of false expenses beginning in 2013 and continuing until he was caught in 2018.

48.      Celette has also determined that it has been damaged in an amount no less than $265,376.79 as a result of the Defendant giving himself undeserved and unapproved bonuses from 2015, 2016, and 2017.

49. The Defendant intended to commit the acts complained of herein and intended to injure Celette as a result.

50. The Defendants acts complained of herein were undertaken in conscious disregard of his duties to Celette and without just cause or excuse.

WHEREFORE, Celette, Inc. hereby respectfully requests that this Court enter an Order finding that Bastien Dias da Costa's obligations to it are non-dischargeable pursuant to 11 U.S.C. §523(a)(6) and that this Court grant Celette, Inc. such other and further relief as this Court deems just and appropriate.

Dated:  November 21, 2022

CELETTE, INC.

By: /s/  William S. Hackney
    One of its attorneys

William S. Hackney, ARDC No. 06256042
AMUNDSEN DAVIS LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois  60601
Telephone:  312.894.3200
whackney@amundsendavislaw.com